**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEREMY J. QUINN, JR.            Case No. 1:10-cv-590

    Plaintiff,                             Barrett, J.
                                         Bowman, M.J.
    v.

CORRECTIONAL OFFICER
ANTHONY L. TACKETT, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se,* has filed suit against Southern Ohio Correctional Facility Officer Anthony L. Tackett and Officer Moore, alleging that the two named defendants violated his civil rights by using excessive force against Plaintiff during his incarceration. Plaintiff was granted leave to proceed *in forma pauperis*, meaning that summonses and copies of the complaint were forwarded to the United States Marshal for service on Defendants "as directed by plaintiff." (Doc. 6). Although summons was issued for each of the two defendants on the same date that the court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 7), the record does not reflect that either of the two summonses was returned as executed by Defendants. Therefore, the record contains no evidence that Defendants were ever personally served, or whether the Defendants waived personal service. If a timely waiver of service is executed, Rule 4 of the Federal Rules of Civil Procedure provides that a defendant need not serve an answer until 60 days after the request was sent.

Assuming (erroneously) that Defendants were personally served and failed to timely

file an Answer to his Complaint, Plaintiff has moved for entry of a "default judgment." A motion for entry of default judgment is procedurally improper absent the initial entry of default by the Clerk of Court. *Compare* Rule 55(a)(entry of default) with Rule 55(b)(entry of judgment). More to the point, however, Plaintiff is not entitled to entry of default (or default judgment) against Defendant Anthony Tackett because that defendant filed his Answer through counsel on November 29, 2010. Although Defendant Moore has yet to file an Answer, as with Defendant Tackett there is no record that Defendant Moore has ever been properly served, or that Defendant Moore has executed a waiver of service. Because 120 days have now elapsed without service, Plaintiff has been directed to perfect service or to show cause why his claims against Defendant Moore should not be dismissed by separate order.

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 10) be **DENIED**.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY J. QUINN, JR.

    Plaintiff,

  v.

CORRECTIONAL OFFICER
ANTHONY L. TACKETT, et al.,

    Defendants.

Case No. 1:10-cv-590

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).