UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY J. QUINN, JR.

    Plaintiff,

  v.

CORRECTIONAL OFFICER
ANTHONY L. TACKETT, et al.,

    Defendants.

Case No. 1:10-cv-590

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, two dispositive motions in this case have been referred to the undersigned magistrate judge for a Report and Recommendation: 1) Defendant Moore's motion to set aside the entry of default (Doc. 24); and 2) Plaintiff's motion for default judgment (Doc. 25). As explained below, I recommend that the Defendant's motion be granted, and that Plaintiff's related motion be denied.

**I. Background**

Plaintiff, proceeding *pro se,* initially filed suit against Southern Ohio Correctional Facility Officer Anthony L. Tackett and "Correctional Officer Moore," alleging that the two named defendants violated his civil rights by using excessive force against Plaintiff during his incarceration. Plaintiff was granted leave to proceed *in forma pauperis*, meaning that summonses and copies of the complaint were forwarded to the United States Marshal for service on Defendants "as directed by plaintiff." (Doc. 6). Summons was issued for each of the two defendants on the same date (Doc. 7). On November 29, 2010, Defendant Anthony Tackett filed his answer to the complaint. Because there was no clear record

concerning the service of Defendant Moore, on December 10, 2010 Plaintiff was directed to perfect service or to show cause why his claims against Defendant Moore should not be dismissed. (Doc. 15). Plaintiff satisfied the Court's "show cause" order by noting evidence suggesting that service had been made on Defendant Moore on November 1, 2011, based upon delivery data from the United States Postal Service. (Doc. 22). Therefore, on February 16, 2011 the Court directed the Clerk to file an entry of default against Defendant Moore based upon that Defendant's failure to timely answer. (*Id.*).

The next day, Defendant Moore promptly filed a motion to set aside the entry of default (Doc. 24). Plaintiff filed both a response in opposition (Doc. 29) and a motion for entry of default judgment. (Doc. 25).

**II. Analysis**

Defendant Moore persuasively argues in his motion to set aside the entry of default[1] that the limited data from the United States Postal Service concerning the presumption of delivery is insufficient to prove service on the Defendant in this case.

Service of process is a prerequisite to the entry of default under Rule 55(a). Here, Plaintiff identified the Defendant in his original complaint only as "Correctional Officer Moore." Although some additional reference was made to the Defendant as the officer involved in the incident on a particular date, defense counsel represents that there are ten Correctional Officers with the last name of Moore. Given the number of potential defendants, the Warden's secretary and legal liaison, Mary Highfield, mailed the certified

---

[1] Defendant bases his motion on various provisions of Rule 60, which permits a court to set aside an entry of default judgment. Technically, only an entry of default has been filed against Defendant under Rule 55(a), not a default judgment under Rule 55(b). Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause," without resorting to the stricter criteria required under Rule 60. This Court has considered Defendant's motion under Rule 55(c).

mail packet addressed to Defendant Moore back to the Lucasville Post Office with a label indicating that the packet could not "be delivered as addressed: SOCF employees several Officers named Moore. Need first name." Ms. Highfield's declaration concerning her return of the packet to the Post Office provides confirmation that the intended Defendant, recently identified as Correctional Officer *Alan* Moore, has never been properly served, notwithstanding the prior entry of default.

Plaintiff does not dispute that the intended Defendant has not been personally served to date, but argues that Ms. Highfield and/or SOCF officials should have taken additional steps to identify and serve the proper Defendant. Plaintiff argues that his complaint arises from a specific incident on a specific date, and that no other correctional officers with the surname of Moore were identified as being involved in the incident.

This Court does not doubt that the possibility of precise identification existed based on the facts alleged in the complaint. However, to impose such a burden on Defendant - with the attendant risks of naming the wrong potential defendant, or of facing a default judgment should identification prove impossible - is not consistent with *Plaintiff's* burden to identify each Defendant. In some respects, identifying a defendant only by a common surname is analogous to the identification of a John Doe Jailer, which has been held to be insufficient under a "constructive notice" argument. *See Doe v. Sullivan County,* 956 F.2d 545, 552 (6th Cir. 1992)("Although as jailers the three defendants reasonably could be expected to have known of the instant suit, this alone is insufficient to impute to them knowledge of their future status as defendants.").

Plaintiff recently remedied his failure to properly identify Defendant Moore by filing a motion to amend his complaint, which motion has been granted this same day.

Defendant Alan Moore will no doubt be properly served in short order.  Because Defendant Alan Moore has not yet been served with a copy of the complaint, however, the entry of default should be set aside and Plaintiff's motion for default judgment should be denied.

In filing his motion to set aside the entry of default just one day after it was entered, and in demonstrating that he has not yet been served with the complaint, Defendant Moore has more than met his burden to show "good cause" under Fed. R. Civ.. P. 55(c) for setting aside the entry of default.  On similar facts, where this Court has determined that service was not effected, the Court has not hesitated to set aside the entry of default without extensive further analysis.  *See e.g., Wilcox v. Ohio Penal Industries,* Case No. 1:07-cv-554-SJD, 2008 WL 3876756 (S.D. Ohio, August 20, 2008).

To the extent further discussion is warranted, I conclude that Defendant Moore has demonstrated "good cause" even under the more traditional Rule 55(c) analysis.  "In determining whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010)(internal quotation and citation omitted).  Improper service itself provides a meritorious defense, and the Defendant is presumed to have additional meritorious defenses based upon those raised by his co-defendant.  Plaintiff will not be prejudiced by setting aside the entry of default because this litigation is yet in its early stages. "When a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion of a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'"  *Id.,* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d

190, 194 (6th Cir. 1985)).

### III. Conclusion and Recommendation

No default judgment has been entered in this case, nor should it be. Instead, for the reasons discussed herein, **IT IS RECOMMENDED THAT:**

1. Defendant Moore's motion to set aside the entry of default (Doc. 24) be **GRANTED**. The Clerk should vacate the prior entry of default (Doc. 23);

2. Plaintiff's motion for default judgment (Doc. 25) should be **DENIED**.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JEREMY J. QUINN, JR.	Case No. 1:10-cv-590

    Plaintiff,	Barrett, J.
	Bowman, M.J.
  v.

CORRECTIONAL OFFICER
ANTHONY L. TACKETT, et al.,

    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6