UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Quinn, Jr.,

    Plaintiff,

        v.                              Case No. 1:10-cv-590

Anthony Tackett, et. al,                Judge Michael R. Barrett

    Defendants.

**ORDER**

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation filed April 1, 2011 (Doc. 35), Plaintiff's Written Objection to Report and Recommendation (Doc. 40), and Defendant Moore's Response to Plaintiff's Written Objection to Report and Recommendation (Doc. 46).  In addition, the Court also considered a previous Report and Recommendation by Magistrate Bowman, filed December 10, 2010 (Doc. 14), and Plaintiff's Objection to that report and recommendation (Doc. 18).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter.  For the reasons that follow, both Magistrate's Report and Recommendations are hereby ADOPTED, and Plaintiff's objections are OVERRULED.  Accordingly, Defendant Moore's motion to set aside the entry of default (Doc. 24) is GRANTED.  And, Plaintiff's motions for default judgment (Doc. 25) and (Doc. 10), are DENIED.

**BACKGROUND**

Plaintiff, Jeremy Quinn, Jr., is an inmate at the Southern Ohio Correctional Facility.  Defendant Alan Moore is an employee at the same facility.  Plaintiff filed a complaint, pursuant to Title 42 U.S.C. § 1983, alleging that Defendants Moore and

Tackett used excessive force in restraining Plaintiff, causing him injury (Doc. 3).

On November 3, 2010, Plaintiff filed a Motion for Default Judgment against both defendants (Doc. 10), asserting that Moore and Tackett had not responded to Plaintiff's complaint. On November 29, 2010, Defendant Tackett filed an answer to Plaintiff's complaint (Doc. 12). On December 10, 2010, the Magistrate Judge filed a Report and Recommendation which recommended denying Plaintiff's motion for default judgment (Doc. 14). Additionally, the Magistrate ordered Plaintiff to show cause why the complaint against defendant Moore should not be dismissed based on failure of service (Doc. 15). After Plaintiff responded to the Magistrate's show cause order (Doc. 19), the Magistrate ordered the Clerk to file an entry of default as to defendant Moore (Doc. 22). The next day, Defendant Moore filed a motion to set aside the default judgment (Doc. 24), arguing that the failure to answer or respond should be excused because he was never served with the complaint. Moore explained that the complaint had been returned by the Warden's legal liason as undeliverable because there were several people by the name of "Moore" who worked at the same facility (*Id.*).

On April 1, 2011, the Magistrate Judge filed a Report and Recommendation finding that Moore's motion to set aside the default judgment should be granted, and that the Plaintiff's motion for default judgment should be denied (Doc. 35). Plaintiff filed a timely objection to the Magistrate's R & R (Doc. 40), and both Defendants filed a joint response to Plaintiff's objections (Doc. 46).

For the reasons that follow, this Court agrees with the Magistrate's recommendations, and they are therefore ADOPTED. Plaintiff's objections are OVERRULED.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(c), a district court should set aside default upon a showing of "good cause."  In determining whether good cause exists, the district court must consider: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010), *quoting Waifersong, Ltd. V. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  When a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.  *Shepard Claims Serv., Inc. V. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

When a defendant does not receive proper service, a default judgment should be set aside even if the defendant does not have a meritorious defense.  *R. "Roy" Peralta v. Heights Medical Center, Inc.* 485 U.S. 80, 86-87 (1988).  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950).

In this case, Defendant Moore presented sufficient evidence to show that he was not properly served.  In his motion to set aside the default judgment, Moore presented the affidavit of Mary Highfield, the secretary and legal liason to the Warden, who stated that because there were multiple employees at the Southern Ohio Correctional Facility with the last name of Moore, and since Plaintiff had not provided a first name, she had

3

returned the complaint to the post office at Lucasville, noting that it was not deliverable as addressed. There is simply no evidence to support Plaintiff's assertion that Defendant Moore had indeed been served, but simply refused to answer.

Therefore, the two report and recommendations of Magistrate Stephanie K. Bowman (Docs. 35 & 14) are hereby ADOPTED. Defendant Moore's motion to set aside the Entry of Default (Doc. 24) is GRANTED. Plaintiff's motion for default judgment (Doc. 25) is DENIED. Additionally, Plaintiff's motion for default judgment filed November 3, 2010 is also DENIED.

**IT IS SO ORDERED.**

 */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge