## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEREMY J. QUINN, Jr.,                          Case No. 1:10-cv-590

      Plaintiff,                          Judge Timothy S. Black

vs.

ANTHONY L. TACKETT, *et al.*,

      Defendants.

## ORDER APPOINTING COUNSEL FOR PLAINTIFF JEREMY QUINN
## TO CONDUCT THE DEPOSITIONS OF WITNESSES
## DARNAIL CARLISLE AND TERRY WARREN

This civil case is before the Court on the Motion for Summary Judgment of

Defendants Anthony Tackett and Alan Moore (Doc. 51), Plaintiff Jeremy Quinn's Motion

for Summary Judgment (Doc. 55), and the parties' responsive memoranda (Docs. 56, 58,

and 60).

## I.     BACKGROUND

Plaintiff is currently serving a 74 year sentence at the Southern Ohio Correctional

Facility, where Defendants Tackett and Moore serve as corrections officers.  (Doc. 51 at 2;

Doc. 51, Ex. A at ¶ 4; Doc. 56, Ex. I at ¶).  On April 27, 2010, Quinn and another inmate

engaged in an altercation, to which Officers Tackett and Moore responded with the use of

force.  (Doc. 51, Ex. B at ¶¶ 6, 8; Doc. 51, Ex. C at ¶¶ 6-7; Doc. 56, Ex. I at ¶¶ 5, 7).

Plaintiff contends that he adhered to Defendants' verbal orders and stopped fighting.  (Doc.

56, Ex. I at ¶ 4).  He argues that after the altercation had ceased, Tackett and Moore led him

out of view of the security cameras and assaulted him.  (Doc. 56, Ex. I at ¶¶ 6-7).  Quinn

also alleges that Defendant Moore stated "I hate you inmates and I wish to kill one of you." (*Id*. at ¶ 8).  Defendants deny Plaintiff's allegations of excessive force.  (Doc. 51 at 3).

After the Court granted Plaintiff leave to proceed *in forma pauperis*, he filed a complaint *pro se* on September 8, 2010, asserting that Defendants used excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment and 28 U.S.C. § 1983.  (Docs. 2 & 3).  Plaintiff seeks damages totaling $80,000.  (Doc. 3 at 7).

On January 12, 2012, Defendants filed a Motion for Summary Judgment (Doc. 51).  Five days later, Plaintiff filed his own Motion for Summary Judgment (Doc. 55), and the parties have filed responsive memoranda to both Motions (Docs. 56, 58, 59 and 60).

In support of his opposition to Defendants' Motion, Plaintiff provided his own declaration of the incident (Doc. 56, Ex. I).  Plaintiff also asserts that there are two inmates who witnessed the altercation and would be willing to testify.  (Doc. 56 at 11).  However, because Plaintiff is incarcerated in a maximum security facility, and is not permitted to interact with inmates outside his cellblock, he has been unable to obtain declarations from these witnesses.  (Doc. 56, Ex. I at ¶¶ 14-15).  Plaintiff requests that the Court order the prison officials at the Southern Ohio Correctional Facility to interview and obtain declarations from witnesses Terry Warren, inmate number 317-328, and Darnail Carlisle, inmate number 524-970.  (Doc. 56 at 11).

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a non-movant shows by declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may either grant a continuance to complete the necessary discovery or "issue any other appropriate order."  Fed. R. Civ. P. 56(d)(2-3).

2

Additionally, pursuant to 28 U.S.C. § 1951(e)(1), the Court is empowered to appoint counsel in civil cases brought by *pro se* prisoners. However, the appointment of counsel in civil cases "is a privilege that is justified by only exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1983) (internal citations omitted). The appointment of counsel may be especially appropriate when the denial of counsel results in fundamental unfairness impinging on due process rights. *See Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983).

The essential issue in this case is whether Tackett and Moore used force on Plaintiff absent any need to restore order. The declarations and testimony of witnesses are essential to demonstrating whether or not there is in dispute a genuine issue of material fact on this point. Here, Plaintiff is unable to represent himself fully because the state has (properly) denied him access to witnesses he seeks to interview to provide support for his opposition to Defendants' Motion for Summary Judgment. While the Court acknowledges the necessity of the security arrangements that prevent such interviews, state action preventing Plaintiff from interviewing witnesses to his claim against state defendants presents serious due process concerns. [1]

Therefore, appointment of counsel is appropriate in this case to alleviate the due process concerns and to present the Court with facts necessary to adjudicate the pending Motions for Summary Judgment.

---

[1] Plaintiff has filed three previous motions requesting the appointment of counsel to assist him with interviewing witnesses and preparing for trial. (See Docs. 4, 21, and 53). Each of those motions was denied on the basis that exceptional circumstances were not present. (See Docs. 8, 22, and 64). While the Court acknowledges these prior rulings, the due process issues discussed above were not apparent to this judge at the time of the earlier rulings.

For the reasons stated herein:

(1)     Pursuant to 28 U.S.C. 1951(e)(1) and Fed. R. Civ. P. 56(e)(4), the Court hereby appoints attorney Allison Bisig Oswall, Esq. to act as counsel for Plaintiff Jeremy Quinn *pro bono* for the purpose of assisting Plaintiff in obtaining depositions from the witnesses to the incident;

(2)     Witnesses Terry Warren, inmate number 317-328, and Darnail Carlisle, inmate number 524-970, shall be deposed in this matter by attorney Oswall in the presence of the Court on **July 16, 2012, commencing at 10:30 a.m.,** at the Potter Stewart United States Courthouse, Courtroom 801, 100 E. Fifth Street, Cincinnati, Ohio 45202.  Plaintiff Quinn shall be present, as shall all counsel (who may depose the witnesses too);

(3)     Pursuant to Fed. R. Civ. P. 56(d)(1), the Court shall await ruling on the pending Motions for Summary Judgment pending the completion of the ordered discovery.

(4)     The Clerk of the Court shall mail a copy of this Order via certified mail to:

Allison Bisig Oswall, Esq.
Flagel & Papakirk LLC
50 E. Business Way, Suite 410
Cincinnati, Ohio 45241

Ms. Oswald shall enter her appearance of record forthwith, provided she is willing to accept the Court's appointment.

**IT IS SO ORDERED**.

Date:  May 25, 2012                    *s/ Timothy S. Black*
                                              Timothy S. Black
                                              United States District Judge