UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY J. QUINN, JR., | : | Case No. 1:10-cv-590 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ANTHONY L. TACKETT, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' SECOND MOTION
FOR SUMMARY JUDGMENT (Doc. 78)**

This civil action is before the Court on Defendants' Second Motion for Summary Judgment (Doc. 78) and the parties' responsive memoranda (Docs. 82 and 84).

**I.  BACKGROUND**

This is a 42 U.S.C. § 1983 action filed by Jeremy J. Quinn, Jr., an inmate at the Southern Ohio Correctional Facility (SOCF) currently serving a seventy-four year sentence. Plaintiff alleges his Eighth Amendment right to freedom from cruel and unusual punishment was violated when he was the victim of use of excessive force by two corrections officers at SOCF.

On May 25, 2012, the Court ordered counsel appointed for Plaintiff to represent him and, specifically, to conduct depositions of his witnesses. (Doc. 65). The Court extended the close of discovery and the deadline for filing dispositive motions. Discovery having occurred and now closed, Defendants have timely filed their motion for summary judgment (Doc. 78), and it is now ripe (see Docs. 78, 82 & 84).

## II. STATEMENT OF UNDISPUTED FACTS[1]

1. Plaintiff Jeremy Quinn is an inmate housed at the Southern Ohio Correctional Facility (SOCF), who is serving a seventy-four year sentence for convictions of kidnapping, six counts of rape, and possession of a deadly weapon while under detention. (Doc. 78-1 at ¶ 4).

2. On April 27, 2010, Jeremy Quinn was involved in an altercation with another inmate named Darnail Carlisle. (Doc. 75 at 10-11; Doc. 76 at 8-10).

3. On April 27, 2010, Anthony Tackett and Allan Moore were employed as correctional officers at SOCF. (Doc. 78-3 at ¶ 2; Doc.78-2 at ¶2).

4. On April 27, 2010, Correctional Officer Tackett was overseeing recreation of inmates at SOCF. (Doc. 78-3 at ¶ 2).

5. After the altercation between Quinn and Carlisle ended, Quinn was seen by two nurses at SOCF, Teresa K. Hill and Brandon Lindamood. (Doc. 78-4 at ¶ 2; Doc. 78-5 at ¶ 2).

6. On April 27, 2010, after being seen by Nurse Hill and Nurse Lindamood, Quinn was seen by medical staff at the Pike Community Hospital. (Doc. 78-5 at ¶ 6; Doc. 78-8 at 2-4).

7. The only injury to Quinn noted in the Pike Community Hospital Medical Records was to Quinn's elbow. (Doc. 78-8 at 2-4; Doc. 75 at 24).

8. The only diagnosis of Quinn's injury at the Pike Community Hospital was a left elbow strain and contusion. (Doc. 78-8 at 2-4).

9. The Pike Community Hospital medical records state that there was "no evidence of fracture or dislocation" to Quinn's elbow. (Doc. 78-8 at 2).

10. The Pike Community Hospital Medical Records of Quinn's April 27, 2010 examination show no diagnosis of any injury to Quinn's face, head or neck. (*Id.*).

11. Quinn never testified at the Rule Infraction Board hearing about his face being rammed into walls, bars or a closed door. (Doc. 75 at 29-30; Doc. 78-7 at ¶ 4).

---

[1] *See* Docs. 79, 82-1.

Notwithstanding these undisputed, material facts, the parties provide vastly different accounts surrounding the details of the use of force.

Plaintiff contends that he adhered to Defendants' verbal orders and stopped fighting. (Doc. 82 at 3). He argues that after he had complied with the order to stop, Defendant Tackett grabbed him and threw him to the ground. (*Id*. at 4). Plaintiff claims that Defendant Moore then approached, and both Defendants then led him out of camera range. (*Id*. at 2). Plaintiff further alleges that Defendants then rammed him, face-first, into walls, bars, stairs, and a closed door, outside of the view of prison security cameras, but within view of other inmates. (*Id*. at 4).

Defendants deny any use of excessive force on Plaintiff. (Doc. 78 at 3). They assert that Plaintiff ignored verbal orders to cease fighting. (*Id.*). Defendants acknowledge that after the fight, Plaintiff was taken off the cellblock and placed against a wall. (*Id.*). Defendants maintain that the only steps taken were those necessary to break up the fight and bring the situation under control. (*Id.*). Defendants also allege that Plaintiff's only injuries were minor, and that those injuries arose from his fight with the other inmate, rather than any use of force by Defendants. (*Id*. at 4).

Plaintiff was examined by two nurses at the prison immediately after the incident. Nurse Teresa K. Hill noted that Plaintiff exhibited a scratch on his elbow. (*Id*.). Nurse Brandon Lindamood noted swelling on Plaintiff's elbow. (*Id*.). Neither Nurse found any injuries to Plaintiff's face. (*Id*.). After consultation with infirmary doctors, Plaintiff was

sent to Pike County Hospital. (*Id.*). The hospital confirmed Nurse Hill and Nurse Lindamood's observations and noted no injury beyond the contusion to Plaintiff's elbow. (*Id.*).

Defendants now move for summary judgment on the bases that (1) Plaintiff has no credible evidence to support his allegations of excessive force; and (2) Defendants are immune from suit under the doctrine of qualified immunity.

### III. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex, supra*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson, supra*, 477 U.S. at 248. It is not sufficient

for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Matsushita, supra*, 475 U.S. at 586). Instead, the nonmoving party must show that "the evidence presents a sufficient disagreement to require submission to a jury." *Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010) (citing *Anderson, supra*, 477 U.S. at 252-52).

## IV. ANALYSIS

As stated, Defendants seek summary judgment on the bases that (1) Plaintiff has no credible evidence to support his allegations of excessive force and (2) Defendants are immune from suit under the doctrine of qualified immunity. (Doc. 78 at 7-10).

### A. Excessive Force

The unjustified infliction of bodily harm upon a prisoner by a corrections officer gives rise to liability under 42 U.S.C. § 1983 if the alleged assault arises to the level of a constitutional violation. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). The "unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal citations omitted).

To make out a claim under the Eighth Amendment, a prisoner must satisfy both an objective and a subjective component. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The subjective component requires the Plaintiff to demonstrate malicious intent

on behalf of the prison personnel, while the objective component looks to the pain and injury suffered by the prisoner. *Id.* Thus, in making a determination as to whether an inmate's assault allegation violates the Constitution, "a court must consider the reasons or motivation for the conduct, the type of force used, and the extent of the inflicted injury. *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993) (citing *Whitley v. Albers,* 475 U.S. 312, 320-22 (1986)).

### 1. Subjective Inquiry

To demonstrate the use of excessive force, Plaintiff must first establish that Defendants had malicious intent. That is, when "prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson, supra,* 503 U.S. at 6 (emphasis supplied).

Courts may consider "the need for the application of the force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Williams, supra*, 631 F.3d at 383 (quoting *Whitley*, *supra*, 475 U.S. at 321).Courts may also look to the circumstances as reasonably perceived by the responsible officials on the basis of facts known to them and any efforts made to temper the severity of a forceful response. *Id.*

Because prison disturbances require corrections officers to act quickly, "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security." *Hudson, supra*, 503 U.S. at 6.  The Court's "analysis . . . must be carefully circumscribed to take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing." *Parrish v. Johnson*, 800 F.2d 600, 604-605 (6th Cir. 1986) (citing *Whitley, supra,* 475 U.S. at 321-22).

Defendants argue that their use of force was necessary in response to the altercation because Plaintiff refused to comply with orders, was verbally aggressive, and needed to be restrained for the safety of others.  (Doc. 78 at 8 (citing *Hudson, supra*, 503 U.S. at 6)).  Plaintiff contends that force was unnecessary because he complied with the verbal order to stop. (Doc. 82 at 3).  Defendants deny that any further use of force was used once Plaintiff was escorted off the range and argue that they are entitled to summary judgment because Plaintiff can set forth no credible evidence to support his assertions. (Doc. 78 at 8).

The credibility of Plaintiff's testimony is generally a determination properly left to the finder of fact.  *See Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010) (holding that when "reviewing a summary judgment motion, credibility judgments and weighing of the

-7-

evidence are prohibited."). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).[2]

Although Plaintiff relies on the testimony of two witnesses, his own testimony is the only evidence for the proposition that his face was repeatedly smashed into walls and bars like a battering ram. Much of his witnesses' testimony contradicts his own. Specifically, there is no evidence of the alleged face-smashing incident found in video surveillance, and Plaintiff walked away from the incident with no injuries logically consistent with this alleged force.

The injuries sustained by an inmate are a factor in determining "whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Hudson, supra,* 503 U.S. at 7 (internal citations omitted).

---

[2] *See also Kowolonek v. Moore*, 463 F. App'x 531, 539 (6th Cir. 2012) (affirming the grant of summary judgment in favor of defendant police officers on an excessive force claim concerning the alleged use of a taser where the only statement regarding any defendant officer's use of a taser was blatantly contradicted by other evidence in the record); *Patton v. Byrd*, No. 3:07-cv-456, 2011 WL 1002789, *7 (E.D. Tenn. Mar. 18, 2011) (finding plaintiff's allegations of injury blatantly contradicted by medical records revealing plaintiff made no timely complaints of injury); *Puckett v. Huizing*, No. 1:07-CV-1274, 2009 WL 735129 (W.D. Mich. Mar. 12, 2009) (concluding that plaintiff's allegations of injury were given no weight on summary judgment because such statements were contradicted by plaintiff's medical records).

Given the undisputed facts, and *Hudson's* holding that corrections officers are to be given "wide-ranging deference" to take steps "that in their judgment are needed preserve internal order and discipline," the Court finds that Plaintiff is unable to present a genuine issue of material fact regarding the subjective intent of the Defendants in their use of force. *Id.* at 6. *See also Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (upholding a district court's finding of summary judgment in favor of a corrections officer because the officer "acted in the context of a prison disturbance" and the court "must lend substantial deference" to his decision to use force "made in haste and under significant pressure").

### 2. Objective Inquiry

Because Plaintiff cannot establish a genuine issue of material fact regarding the subjective inquiry of the *Hudson* test, the outcome of the objective inquiry is not dispositive. *See Hudson, supra*, 503 U.S. at 7-8 (holding that a plaintiff must establish both the subjective and objective prongs to prevail on a §1983 claim for excessive force). However, the Court notes that objective component requires that the pain inflicted upon the inmate to be "sufficiently serious." *Williams, supra*, 631 F.3d at 383. This inquiry is "contextual" and "responsive to contemporary standards of decency." *Hudson, supra*, 503 U.S. at 8-9.

Although the seriousness of injuries is not dispositive, a *de minimis* use of physical force does not violate the Eighth Amendment. *Id.* at 9 (holding that "not every

malevolent touch by a prison guard gives rise to a federal cause of action . . . The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind") (internal citations omitted).

Plaintiff claims that Defendants repeatedly rammed him face-first into walls, bars, and doors. (Doc. 56, Ex. I at ¶ 7). Such actions, if true, would constitute more than *de minimis* force. However, as discussed *supra*, viewing the facts in the light most favorable to Plaintiff does not mean accepting his bare allegations of excessive force without question. Here, because Plaintiff's account is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court must not rely on Plaintiff's account in making the summary judgment determination. *Scott, supra*, 550 U.S. at 380.

The complete lack of injury to Plaintiff's head and face immediately following the incident is the most relevant part of the record with regard to the objective inquiry into the seriousness of Plaintiff's harm. In light of the fact that Plaintiff suffered only one minor injury, that is inconsistent with the type of excessive force he alleges, reasonable minds could only conclude that the force used by Defendants was minimal and proper, not malicious or sadistic. Therefore, when Plaintiff's insistence on "metaphysical doubt as to the material facts" and his uncorroborated "mere allegations" of excessive force are put aside, as the summary judgment standard requires, the Court finds that Plaintiff is also unable to present a genuine issue of material fact regarding the objective seriousness of the harm inflicted on him.

**B. Qualified immunity**

Defendants claim they are also entitled to judgment as a matter of law due to their right to assert the defense of qualified immunity. (Doc. 78 at 10). Government officials sued in their individual capacities are entitled to seek qualified immunity. *Pearson v. Callahan,* 555 U.S. 223 (2009). This immunity extends to officials performing discretionary functions unless their actions violate a constitutional right that was clearly established at the time of their misconduct. *Id.* A right is "clearly established if [a] reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff is correct that it is undisputed that the right to be free from excessive force was clearly established at the time of the alleged violation. *Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001). Plaintiff is also correct to note that "[w]here . . . the reasonableness of the force utilized turns upon which party's version of the facts is accepted, a court should not grant summary judgment on qualified immunity grounds." (Doc. 82 at 12). *See Murray-Ruhl v. Passinault*, 246 F. App'x 338, 343 (6th Cir. 2007). However, in the case at hand, considering the blatant contradiction in the record of Plaintiff's account, including the undisputed facts regarding Defendants' motivation for the application of force and Plaintiff's complete lack of corresponding injury, this Court has found that no reasonable jury could rely on Plaintiff's account and that the force utilized was reasonable as a matter of law. As a result, Defendants are also entitled to qualified immunity.

## V.  CONCLUSION

Accordingly, for the reasons stated here, there being no genuine dispute as to any material fact, and Defendants being entitled to entry of judgment as a matter of law, Defendants' second motion for summary judgment (Doc. 78) is hereby **GRANTED**.  The Clerk shall enter judgment accordingly, and all claims having been dismissed, this case shall be **CLOSED**.

   **IT IS SO ORDERED.**

Date:  September 24, 2013                                                 *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge